**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TONYA O. VICTOR**                                        **CIVIL ACTION**

**VERSUS**                                                       **NO. 14-1229**

**WARDEN JIMMY OUBRE**                           **SECTION "S"(3)**

## REPORT AND RECOMMENDATION

On or about September 30, 2013, petitioner, Tonya O. Victor, filed the instant application seeking federal *habeas corpus* relief. On October 23, 2013, the Clerk of Court notified her that she must either pay the required filing fee or submit an application to proceed *in forma pauperis*, giving her a deadline of November 7, 2013 for compliance.[1] When there was no response, the Clerk of Court sent her a second such notice on November 14, 2013, and extended her deadline for compliance until November 29, 2013.[2] When there was no response to that second notice, the Clerk of Court sent her a third such notice on May 27, 2014, and extended her deadline for compliance until June 17, 2014.[3] Again, there was no response.

---

[1]    Rec. Doc. 1, pp. 58-59.

[2]    Rec. Doc. 1, pp. 60-61.

[3]    Rec. Doc. 2.

On June 19, 2014, the undersigned then issued an order directing that, on or before July 7, 2014, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*.  She was warned that if she failed to comply with that order, the undersigned would recommend that this matter be dismissed.[4]  She did not comply.

Despite being giving repeated opportunities to do so, petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis*.  As a result, her petition was not properly filed.  Accordingly, it should be dismissed on that basis.  See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).[5]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Tonya O. Victor be **DISMISSED WITHOUT PREJUDICE** because she has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[4]     Rec. Doc. 3.

[5]     The petition was originally submitted as an improper joint petition in which petitioner's husband, Errol Victor, Sr., also joined.  However, in response to the Clerk's October 23 notice, Mr. Victor resubmitted a proper application in his name only, and he paid the filing fee for that separate application.  That petition was docketed as Civil Action No. 13-6380 "J"(2), and it currently remains pending.

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this tenth day of July, 2014.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[6]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.